**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KENNETH R. BRABHAM,

     Petitioner,

v.

                                  CASE NO.   8:04-CV-227-T-30MSS

BRIAN K. HENDRICKSON, et al.,

     Respondent.

_____/

## <u>ORDER</u>

    Petitioner, KENNETH R. BRABHAM ("Petitioner" or "Brabham"), a Florida prison inmate proceeding *pro se*, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 (Dkt. 1) challenging his state convictions arising out of the Sixth Judicial Circuit Court for Pinellas County, Florida, case number 98-12038CF.  The Respondents have responded (Dkt. 5), and Petitioner has replied (Dkt. 8).

## <u>Background</u>

    On March 15, 2000, a jury found Petitioner guilty of manslaughter, a lesser-included offense, and on May 8, 2000, Petitioner was sentenced to 20 years in prison as an habitual felony offender with 15 years mandatory minimum as a prison release reoffender.  (Dkt. 5, Ex. 004 at p.1.).  On February 27, 2001, Petitioner filed a direct appeal from his conviction, which was affirmed by the Second District Court of Appeal *per curium* without a written opinion on October 12, 2001. <u>Brabham v.</u>

-1-

State, 799 So. 2d 1033 (Fla. 2d DCA 2001) [table opinion].  On June 25, 2002, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 alleging four ineffective assistance of counsel claims.  The trial court entered a written order on December 3, 2002, and denied relief on all grounds without an evidentiary hearing. (Dkt. 5, Ex. 011, at p. 31-34).

Petitioner filed a collateral appeal with the Second District Court of Appeal. On July 11, 2003, the Second District designated the cause as a summary review because there had been no evidentiary hearing, and affirmed the trial court's order denying Fla. R. Crim. P.  3.850 relief *per curium*, without a written opinion. Brabham v. State, 853 So.2d 415 (Fla. 2d DCA 2003) [table opinion]. On August 5, 2003, the Second District denied Petitioner's petition for rehearing. (Dkt. 5, Ex. 014).

Petitioner filed this request for federal habeas relief on February 9, 2004, asserting the four claims raised in his Rule 3.850 motion.  Respondent acknowledges that the petition is timely, but argues that it should be denied because Petitioner has failed to meet the criteria for relief under 28 U.S.C. § 2254.  After reviewing the record, the parties' arguments, applicable statutes, and controlling case law, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. § 2254.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective April 24, 1996,

"a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See* Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

"In the post AEDPA era, [federal habeas courts] do not conduct an independent review of claims that have been addressed on the merits by the state courts." Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision.  Wright v. Sec. Dep't of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002).  Finally, a state court's factual finding is presumed to be correct, and a

petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); <u>Henderson</u>, 353 F.3d at 890-91.

Petitioner raises four claims alleging violations of his Fifth, Sixth and Fourteenth Amendment rights in his § 2254 motion, all of which were also raised in Petitioner's Rule 3.850 motion.  As a state prisoner, Petitioner is not able to claim relief under the Fifth Amendment. The Fifth Amendment Due Process Clause only applies to the acts of the federal government, and does not apply to the acts or conduct of the states, their agencies, subdivisions, or their employees. Rights guaranteed by the Fifth Amendment are not incorporated into the Fourteenth Amendment, where such rights, if they exist, can be asserted directly under the Fourteenth Amendment. <u>Shoemaker v. City of Lock Haven</u>, 906 F.Supp. 230, 238 (M.D. Pa. 1995).

The trial court cited <u>Strickland v. Washington</u>, to reject Petitioner's ineffective assistance of counsel claims.  Therefore, in order to obtain relief on these ineffective assistance of counsel claims, Petitioner must establish that the state trial court incorrectly applied the <u>Strickland</u> standard in reaching its determination that the claims raised in his Rule 3.850 motion lacked merit.  To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Deficient performance is defined in <u>Strickland</u> as performance which is objectively unreasonable under

prevailing professional norms. Id. at 688.  The deficient performance must also be shown to prejudice the defense.   Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Strickland standard requires both prongs to be met in order for a court to grant relief, therefore if this Court determines that Petitioner has made an insufficient showing as to one prong, the Court is not required to analyze the second prong. Strickland, 466 U.S. at 697.  Moreover, an evidentiary hearing does not need to be conducted if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel. Tejada v. Dugger, 941 F.2d 1551, 1559, (11th Cir. 1991); Diaz v. U.S., 930 F.2d 832, 834 (11th Cir. 1991).

## Discussion

**Ground One**:      **Defendant's constitutional rights to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendment were violated where trial counsel failed to adequately investigate, procure and utilize at trial a defense expert witness trained in blood splatter analysis**.

Petitioner claims his Fourteenth Amendment and Sixth Amendment right to counsel were violated when his trial counsel failed to secure an expert witness trained in blood splatter analysis.  As stated *supra*, in order to succeed on this claim, Petitioner must establish by clear and convincing evidence that the trial court incorrectly applied the Strickland standard.

In Petitioner's Rule 3.850 motion and 28 U.S.C. § 2254 motion, he alleges:

[T]he defense's theory was that the altercation was initiated outdoors, consistent with the eyewitness testimony of Andrea Hooten.  Defense counsel knew that the [expert's] testimony was contradicted by the absence of any blood on the cellular phone found near the decedent, as well as the existence of a bloodied footprint, which did not belong to the Defendant, made after Brabham's altercation but prior to the victim's death.  These inconsistencies were sufficient to apprise defense counsel of the need to hire an independent blood splatter expert to review the evidence.  These facts notwithstanding, defense counsel failed to consult with an expert and utilize an expert's testimony at trial. . . Defense counsel's failure to timely seek to locate and hire a blood splatter expert, when caused by counsel's neglect and not by strategic choice, falls short of adequate representation under prevailing norms of professional competency.  Under Ake v. Oklahoma, 470 U.S. 68, 105 S. Court. 1087 (1985) and its' progeny, an indigent defendant is entitled to a level playing field in relation to the use of expert testimony.  The testimony of a blood splatter expert would not only have refuted the testimony of the State's arguably qualified expert, but more importantly, would have advanced a far more compelling and cogent interpretation of the evidence; to wit: that altercation commences and ended outdoors, that the victim was alive and mobile after the altercation with Brabham, and that an unidentified person was at the scene following the altercation and was complicit in the victim's death.  The testimony would have created sufficient doubt as to raise a reasonable probability of a different verdict.  Thus Brabham was substantially prejudiced by trial counsel's failure.

(Dkt. 1 at p. 7; Dkt. 5, Ex. 011, at p. 4-5).

In response, the Trial court denied Petitioner's claim, and found that:

Defendant has failed to show how he was prejudiced as required by the Strickland test.  The expert testified that the spattering patterns of the victim's blood were evidence that part of the beating occurred in the mobile trailer. Even if the defense called its own blood splatter analysis expert to contradict the State's expert, assuming that the defense could find an expert to testify that the blood patterns were not consistent with the beating taking place in the trailer, this testimony would not be of the quality to produce a reasonable probability of an acquittal. The two experts would only present a conflict in the testimony.  Further, it is noted that it would be hard to explain that at least part of the beating occurred in the house given that another of the State's serology expert [sic] testified that multiple blood splotches found in the trailer belonged to the victim.  Additional, [sic] as to Defendant's claim that there was no blood on the telephone, the serologist explained that the reason no blood was found

on the telephone was because sand may have rubbed the blood off by sand[sic].  Therefore, this claim is denied.

(Dkt. 5, Ex. 011, at p. 32.).

The record supports the trial court's decision.   A trial court's factual finding is presumed to be correct unless the petitioner rebuts it by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  Petitioner has not met this burden.

There is no absolute duty to investigate particular facts or a certain line of defense. <u>Chandler v. U.S.</u>, 218 F.3d 1305, 1317 (11th Cir. 2000) *cert. denied.* 531 U.S. 1204 (2001).  Applying the standard enunciated in <u>Strickland</u>, trial counsel's performance was well within the accepted range of professionalism.   Defense counsel's failure to secure an expert, was the lawyer's strategic decision and was not outside the range of legal professionalism.

Even if Petitioner had secured an expert, it is not reasonably probable that the jury would have issued an acquittal.  Where expert testimony is in conflict, the expert testimony is not binding on the trier of fact and may be given only such weight as the circumstances warrant, in addition, the trier of fact has the discretion to accept or disregard portions of the testimony. <u>See</u> Fed. R. Evid. 702-706; <u>Aetna Cas. & Sur. Co. v. Gen. Electric Co.</u>, 758 F.2d 319, 323 (8th Cir. 1985). Petitioner's argument has not shown with clear and convincing evidence that the trial court misapplied the <u>Strickland</u> test.

Therefore, ground one will be denied.

**Ground Two:      Defendant's right to effective assistance of counsel was violated where trial counsel failed to conduct adequate pretrial investigation and subpoena medical records evidencing prior skull fracture injuries sustained by the victim.**

As stated *supra*, in order to succeed on a § 2254 motion, Petitioner must establish that the trial court incorrectly applied the <u>Strickland</u> standard. Petitioner has failed to meet this standard. In his 3.850 and § 2254 motions, Petitioner alleges:

> The victim's prior medical history had direct bearing on the offense for which Brabham was charged. If the victim's death was in any was [sic] related to an unforeseen vulnerability or defect resulting from an assault one year prior, that evidence would be relevant and material to the weighing of the defendant's level of culpability under both the second-degree murder for which he was charged and the manslaughter for which he was ultimately convicted. Under both sets of jury instructions, the jury is required to determine whether a defendant acted with either "indifference" or "reckless disregard" for human life. Defense counsel failed to act or follow-up on the information furnished by Ms. Weekley. Professionally competent counsel would have issued a subpoena for the victim's medical records, including x-rays, for comparison with the injuries sustained in the instant offense.

(Dkt. 1 at p. 10; Dkt. 5, Ex. 011 at p. 7-8).

In the trial court's order denying Petitioner's 3.850 Motion, the court found that:

> The victim's susceptibility to suffering a brain hemorrhage is not irrelevant [sic] [relevant] to any issue at trial. A defendant takes the victim as he finds him and is not relieved of criminal responsibility because the victim fails to survive the attack.

(Dkt. 5, Ex. 011, at p. 32.).

Petitioner must present clear and convincing evidence that the trial court's factual determination was wrong. Petitioner has not met this burden. The deeply rooted common law notion that a defendant takes the plaintiff as he finds him, maintains that criminal intent does not require an understanding of the consequences

of one's act. *See* <u>U.S. v. Feola</u>, 420 U.S. 671, 685 (1975).  Counsel is not deficient for failing to raise an argument which runs contrary to the law or controlling precedent at trial or on appeal. *See* <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983)(*limited by* <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000)).

Petitioner has not shown that the state court's rejection of these claims is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," as required by Section 2254(d).

Therefore, ground two will be denied.

**Ground Three:   Defendant's constitutional right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendment was violated where the court instructed the jury on manslaughter without the justifiable and excusable homicide instruction.**

In his 3.850 and § 2254 motion, Petitioner alleges:

> The omission of this [jury] instruction was inherently prejudicial to Brabham, as it removed an instruction upon which the jury was authorized by law to render a verdict of acquittal.  Defense counsel's actions were particularly deficient where the state made no attempt whatsoever to object to the instruction.

(Dkt. 1 at p. 12; Dkt. 5, Ex. 011 at p. 10).

The trial court denied Petitioner's claim, stating:

> The jury did receive the excusable homicide instruction.  The justifiable homicide instruction was not warranted by the evidence.  Defendant's then girlfriend testified that the victim did not engage in fighting Defendant and the Defendant was not injured.  Therefore, this claim is denied.

(Dkt. 5, Ex. 011, at p. 33).

A Petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics, or contentions that in the face of the record are wholly incredible.  Stano v. Dugger , 901 F.2d 898, 899 (11th Cir. 1990).

Petitioner's claim fails to show prejudice.   Both trial testimony and the jury instructions contradict Petitioner's claim. (Dkt. 5, Ex. 011, at p. 50- 62; 76-77). Because the jury did receive the justifiable and excusable homicide instruction, Petitioner's claim is baseless.

Ground three will be denied.

**Ground Four:    Defendant's right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments were violated where trial counsel failed to perform adequate pre-trial investigation.**
**a)    Counsel rendered ineffective assistance by failing to subpoena and review cellular phone records.**
**b)    Defense counsel rendered ineffective assistance by failing to investigate mental health defenses.**

A prima facie claim of ineffective assistance of counsel requires the Petitioner to prove that his counsel was deficient, and that there is a reasonable probability, that but for counsel's deficiency, the result of the proceeding would be different. Strickland, 466 U.S. at 694.

Petitioner has not shown prejudice.  In his Rule 3.850 motion and his § 2254 motion, Petitioner claims:

The decedent was discovered outside of his residence.  In close proximity to the body, investigators discovered a cellular phone belonging to the victim. It was a reasonable hypothesis that the victim utilized the phone following his

altercation with the Defendant and prior to his death.  It was the contention of the defense that the victim was alive, mobile and coherent immediately following his struggle with Brabham.  Accordingly, the phone records would have been a critical piece of evidence material and relevant to establish the time of death as well as discovering potentially exculpatory witnesses.

(Dkt. 5, Ex. 011, at p. 11; Dkt. 1, at p. 14.).

In the trial court's 3.850 Order, the court determined that:

Defendant has failed to show how he was prejudiced under the <u>Strickland</u> test.  Defendant contends that if counsel subpoenaed the records that the records would show that the victim was alive when Defendant left and that it would aid in the determination of the time of death.  Whether the Defendant was alive when Defendant left was not the central issue, the central issue was whether the injuries that Defendant inflicted on the victim caused his death. Defendant's girlfriend testified that at approximately between 4:00 a.m. to 4:30 a.m., Defendant and his girlfriend arrived at the victim's mobile trailer, that she heard Defendant beating the victim and saw the victim lying beaten on his lawn.  The medical examiner described the extent of the victim's injuries, testified that the beating was the cause of death, and stated that death occurred shortly thereafter.  As he has not shown that had counsel obtained the records there was reasonable probability that Defendant would have been acquitted, this claim is denied.

(Dkt. 5, Ex. 011 at p. 33-34.).

As stated *supra*, vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim.  <u>Tejada</u>, 941 F.2d at 1559.  The cell phone records may have assisted in the determination of time of death, if Petitioner could prove that the decedent was the person who made the call.  However, cell phone records would not have assisted in determining the cause of death.  Therefore, even if the cell phone records altered the time of death, this evidence would be insufficient to result in an acquittal.  Petitioner has not sufficiently shown that the court misapplied the <u>Strickland</u> standard.

-11-

Petitioner also alleges that defense counsel was ineffective because counsel failed to investigate potential mental health defenses. Petitioner claims in his § 2254 motion and his Rule 3.850 that:

> Defense counsel was informed by Brabham that he had a prior prison commitment, that he had received mental health treatment in prison, and that he had ingested in excess of two bottles of vodka and was highly intoxicated immediately prior to the incident for which he was charged. . . Apprised of these facts, professionally competent counsel would have had Brabham psychologically evaluated, reviewed Brabham's mental health treatment files, and investigated the possibility of a mental health defense, including the affirmative defense of voluntary intoxication.

(Dkt. 1 at p. 15; Dkt. 5, Ex. 011, at p. 11).

The trial court denied Petitioner's claim, finding:

> Defendant contends . . . that trial counsel was ineffective in failing to investigate a voluntary intoxication defense. Counsel was not ineffective in mounting such a defense since Defendant was charged with murder in the second degree, a general intent crime. This claim is denied. . . .
> Defendant has failed to demonstrate a prima facie case that counsel was ineffective in failing to investigate a defense based on Defendant's mental condition. The mere fact that he received treatment in prison during his prior sentence is insufficient to show that counsel should have inquired further. Defendant does not state the condition for which he was treated, the dates of his treatment, or how his mental condition related to any possible defense. As Defendant's claim is mostly conclusory, the claim is denied.

(Dkt. 5, ex. 011, at p. 34).

Counsel is not necessarily required to seek independent mental evaluations in order to render effective assistance. Holladay v. Haley, 209 F.3d 1243, 1250 (11th Cir. 2000). If the defendant does not display strong evidence of mental problems, counsel is not required to seek an independent evaluation. See Bertolotti v. Dugger, 883 F.2d 1503, 1511(11th Cir. 1989). The decision to seek out an evaluation is a

-12-

tactical decision.  Holladay, 209 F.3d 1243 at 1250.  It is not unreasonable for defense counsel to make a tactical decision not to seek an evaluation, when Petitioner's evidence of mental problems was limited to a vague reference to "mental health treatment in prison."

A voluntary-intoxication defense is not a defense to a general intent crime, and is only available as a defense  to a specific intent crime in order to reduce the charged offense to a lesser-included offense.  *See* Harris v. Sec. for the Dep't. of Corrs., 189 Fed. Appx. 904, 907 (11th Cir. 2006) (*citing* Wilson v. State, 871 So.2d 298, 300 (Fla. 1st DCA 2004)). Petitioner's statements regarding his intoxication and mental health fail to demonstrate deficient performance or prejudice.

 In his § 2254 motion, Petitioner fails to note any additional information regarding his mental health treatment.  Therefore, Petitioner has not shown that the state court's rejection of this claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d).

Therefore, ground four will be denied.

## CONCLUSION

Having reviewed the record, applicable statutes, and controlling case law, the Court finds Petitioner has failed to establish he is entitled to federal habeas relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Case No. 8:04-CV-227-T-30MSS, CV Dkt. 1) is **DENIED.**

2.      The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 8, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2004\04-cv-227 deny 2254.wpd